**J. W. GARTON, et al., Plaintiffs,**

**v.**

**SANDERS TRANSFER AND STOR-AGE CO., Defendant.**

**Civ. No. 1773.**

United States District Court,
M. D. Tennessee, Nashville Division.
Sept. 17, 1954.

Chas. T. Shaw and G. H. Russell, Nashville, Tenn., for plaintiffs.

Fred S. Powell and Clay Bailey, Nashville, Tenn., for defendant.

DAVIES, District Judge.

The above entitled action was heard before the Court on August 10, 1954.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiffs and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

Findings of Fact.

1. From August 1, 1951, to August 20, 1953, defendant was engaged in the transfer and storage business in Nashville, Tennessee, moving and storing household goods, and especially during said time the principal business of defendant was hauling household goods and other merchandise from Camp Campbell, located partly in Tennessee and partly in Kentucky, too their said warehouse in Nashville, Tennessee, and there packing and crating said household goods and merchandise and delivering same to railroad and motor freight lines for ship-

ment to various other States of the Union and to ports of embarkation for delivery overseas.

2. The plaintiffs were employed in the warehouse of defendant during said period of time. Their duties consisted of occasionally moving household goods locally, and they made a few trips to Camp Campbell where they acted as laborers, physically lifting and moving household goods to a moving van and unloading same into the warehouse. However, their principal duties were in the warehouse as follows: These household goods from Camp Campbell and the other said merchandise were crated and boxed, packed with excelsior and rolled on hand trucks or dollies to freight cars and motor trucks for shipment as aforesaid, mostly overseas. The exact duties performed by plaintiffs were lifting and bringing the said merchandise and household goods to the boxes and crates, where they were crated and packed under the directions and orders of a foreman, and then physically taking the boxes and crates to the freight cars and motor trucks where they were loaded. These crates and boxes were prefabricated according to certain specifications, none of which work was done by plaintiffs. They nailed up the boxes as directed by the foreman. The object of crating and boxing said household goods and merchandise and packing them in excelsior was to prevent same from being scarred and damaged in transit. None of plaintiffs' duties required exercise of judgment and discretion in the packing, crating, or loading of said household goods and merchandise, but they were laborers doing the physical lifting and moving of same as directed by the foreman or loader.

3. None of the duties performed by any of the plaintiffs was that of driver, driver's helper, loader, or mechanic, and none of their duties directly affected the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act, 49 U. S.C.A. § 301 et seq. Neither did same affect the safety of operation of railroads in such transportation.

4. During said period of employment the plaintiffs worked longer than forty hours per week, being paid therefor only straight time, and the defendant has failed and refused to pay them one and one-half times the regular rate at which each of said plaintiffs respectively was employed for said overtime.

5. The said additional half time for said overtime due the plaintiffs by defendant is as follows: J. W. Garton, $244.80; Charles A. Broadway, $138.40; Jess Raymer, $355.94; G. C. Cole, Jr., $163.13; and Buford Raymer, $68.20.

Conclusions of Law.

1. The defendant was during said period of time engaged in interstate commerce within the definition of same as contained in the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., and likewise, plaintiffs and each of them were engaged in work for defendant in and affecting interstate commerce as defined by the Fair Labor Standards Act of 1938.

2. Plaintiffs are not exempt from the maximum hours and overtime provisions of said Fair Labor Standards Act of 1938, as amended, within the provisions of Section 13(b) (1) of said Act, as employees of motor carriers.

3. Defendant is indebted to plaintiffs under Section 7(a) of the Fair Labor Standards Act of 1938, as amended, for the following overtime wages, to wit: J. W. Garton, $244.80, and an additional equal amount as liquidated damages, a total of $489.60; Charles A. Broadway, $138.40, and an additional equal amount as liquidated damages, a total of $276.-80; Jess Raymer, $355.94, and an additional equal amount as liquidated damages, a total of $711.88; and G. C. Cole, Jr., $163.13, and an additional equal amount as liquidated damages, a total of $326.26; and Buford Raymer, $68.20, and an additional equal amount as liquidated damages, a total of $136.40. Said

liquidated damages are awarded under Section 16(b) of said Act.

4. The Court allows the sum of $250 to Charles T. Shaw and G. H. Russell, Attorneys for plaintiffs, which is a reasonable fee for their services, same being awarded under Section 16(b) of said Fair Labor Standards Act of 1938, and the Court taxes the costs of the cause against defendant.

Judgment accordingly.